

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06 C 210 |
| | ) | |
| ANCHOR MORTGAGE | ) | |
| CORPORATION and JOHN MUNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The government has brought a False Claims Act suit against defendants, together with two related state law claims. Defendant John Munson moves to dismiss on the grounds that the fraud claims against him are not set forth with sufficient particularity, and that the allegations against him are mixed up with unrelated claims against others. We deny the motion.

Munson is quite right that the conduct attributed to him, which led to the claimed kickbacks, is of minor economic significance, and is to some extent mixed up with conduct of others with far greater economic significance. We see no reason, however, to require amendment. It is clear that he is not being charged with the fraudulent downpayment scheme or the false documentation of income and expenses. He is being sued only with respect to what the government describes as the Case Linda kickback scheme. But he is charged with that, and adequately so. The government has very specifically alleged that Munson paid fees for loan references in violation of 12 U.S.C. §2607 prohibitions against the payment of kickbacks, and it details specific instances. That is enough. If defendant believes the payments were not

kickbacks and were permitted by §2607, he can so allege in his answer.

Defendant Anchor Mortgage Corporation (Anchor) also moves to dismiss. contending that plaintiff has failed to join necessary parties. That motion is also denied. True it is that the government has not named as defendants either of the Anchor employees allegedly involved in the fraudulent downpayment scheme, or the false documentation of income and expenses, nor has it sued any of the persons supposedly receiving fraudulent loans. But it need not. Anchor concedes that a plaintiff need sue only one tortfeasor if the liability of tortfeasors, as it is here, is joint and several. It argues, however, that the homeowners who benefitted are somehow necessary and indispensable parties because they are the linchpins of the scheme who must be shown to have provided false information. To be sure, the government must prove the information was false and that Anchor's employees knew it to be false. But that is proof that can be advanced in the present litigation.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov 2, 2006.