IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) No. 06 C 210 |
| ANCHOR MORTGAGE CORPORATION and JOHN MUNSON, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The government seeks judgment on the pleadings against Anchor Mortgage Corporation (Anchor) in the amount of $2,093,315. That motion is for now denied.

Many aspects of this dispute do not appear to be in dispute. Alfredo F. Busano, Anchor's office manager for its Elgin office and a loan officer of the company, was indicted for processing fraudulent mortgages. He admitted his fraudulent conduct in his plea agreement with respect to 27 specified mortgages, 26 of which are included in the complaint here. The loans were guaranteed by HUD, many of them went into default and the government sustained significant losses as a result. His criminal restitution obligation was $650,105. The government now seeks three times $650,105 plus the minimum penalties of $5,500 per each of 26 fraudulent loans, for a total of $2,093,315, pursuant to 31 U.S.C. §3729.

Anchor, in its defense, claims that the government, by relying upon what was filed in Busano's criminal case, is seeking to short-circuit what is essentially a summary judgment motion without complying with the local rules and then using what was determined in that case against Busano as conclusively determined against Anchor, without giving Anchor a chance to respond. Defendant contends that collateral estoppel does not apply since it was not

a party to the criminal proceeding. It wants its day in court.

The government relies on 31 U.S.C. §3731(d). It states as follows:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

The crux of the dispute concerning estoppel relates to the meaning of the word "defendant." That could refer to the defendant in the criminal proceeding. Anchor was not such a defendant; it was not a party to that proceeding. Accordingly, conventional views of collateral estoppel would not conclude that facts determined against Busano were also conclusively determined against Anchor. Or "defendant" could refer to the defendant in the subsequent civil proceedings. Anchor is such a defendant.

Section 3731(d), or somewhat similar provisions, have been federal law for many years. Surprisingly, there appear to be no cases discussing the meaning of "defendant." The parties have cited none and we have found only two cases, <u>United States v. Hill</u>, 676 F.Supp. 1158 (N.D.FL.1987), and <u>Ab-Tech Construction, Inc. v. United States</u>, 31 Fed.Cl. 429 (Ct.Cl.1994), that even touch on the matter – and both assume, without discussion, that "defendant" refers to the defendant in the civil action. *See also* <u>United States v. DiBona</u>, 614 F.Supp. 40 (E.D. Pa. 1984). We have reviewed the legislative history and have drawn a blank there as well.

Nevertheless, we conclude that the assumptions in <u>Hill</u> and <u>Ab-Tech</u> are correct, "defendant" refers to the defendant in the subsequent civil proceeding, here, Anchor. We so conclude for two reasons: if "defendant" referred to the defendant in the criminal proceeding,

then §3731(d) is wholly unnecessary. It would be the classic collateral estoppel example. Further, a congressional judgment that the principal should be bound by the agent's conviction in these circumstances is not at all unreasonable. It is familiar law that a principal is ordinarily bound by the acts of its agent within the scope of his authority. And, while Busano was obviously seeking to profit from the scheme, Anchor profited as well. It was, after all, in the business of loaning money, here guaranteed, secured by mortgages. The likelihood that a principal in those circumstances would not be liable is remote. The agent's culpability has to be established beyond a reasonable doubt unless the agent pleads guilty, and defendants do not generally plead to criminal involvement if there has been none, certainly not in sophisticated financial crimes.

Busano entered a plea of guilty to fraud. This action involves the same transactions as in the criminal proceeding and it is brought under §3730. That is established by public records, of which this court may take judicial notice. United States v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991). Anchor cannot, therefore, deny the essential elements of the criminal offense and those elements impose liability upon Anchor.

Still, we cannot enter judgment for the plaintiff. Anchor has raised a limitations defense, albeit somewhat inartfully. We cannot accept it or reject it on the basis of the facts now conclusively determined by the present record. For that, the parties may require some discovery and, then, perhaps it can be resolved by motion. That is, however, the only issue remaining.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 6, 2007.
6-6-07