IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06 C 0210 |
| | ) | |
| ANCHOR MORTGAGE | ) | |
| CORPORATION and | ) | |
| JOHN MUNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Anchor Mortgage Corporation employed Alfredo F. Busano as a loan officer and the office manager of its Elgin office. While an Anchor employee, Busano processed fraudulent government-backed mortgages. Not surprisingly many of these loans went into default causing significant losses to the government. After Busano pleaded guilty to criminal charges for processing the fraudulent mortgages, the government sought to recover penalties and three times its losses from Anchor under the False Claims Act, 31 U.S.C. §§ 3729, *et seq*. On June 6, 2007, we denied the government's motion for judgment on pleadings, but determined that § 3731(d) of the Act precluded Anchor from denying in this case the essential elements that Busano admitted in his guilty plea. United States v. Anchor Mortgage Corp., 503 F. Supp. 2d 959 (N.D. Ill. 2007). Anchor now asks our permission to take an interlocutory appeal from that order. For the reasons stated below, we deny Anchor's request.

At issue in our earlier order was the meaning of the term "defendant" in 18 U.S.C. § 3731(d). The statute states as follows:

> Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

If "defendant" referred to the defendant in the criminal proceeding, then Anchor was free to contest the admissions Busano made in his guilty plea. But if "defendant" referred to the defendant in the subsequent civil proceeding, then Anchor was estopped from any such argument. We concluded that the term referred to the defendant in the subsequent civil proceeding. If the term referred to the defendant in the criminal proceedings, then the statute was unnecessarily codifying already-existing collateral estoppel rules. Further, it was not unreasonable to determine that Congress intended that the statute would hold the principal liable for the acts of its agent within the scope of his authority. Accordingly, we held that Anchor could not deny the essential elements of the offense. However, we did not enter judgment on the pleadings because Anchor raised a limitations defense, and that defense required additional discovery.

Anchor spends the majority of its current motion re-arguing whether our June 6, 2007, order is a correct interpretation of § 3731(d). We have twice rejected these arguments—in our June 6, 2007, order and again on September 4, 2007, when we denied Anchor's motion to reconsider—and we decline to revisit them. The focus now should not be on the correctness

of our decision, but rather whether the issue is of the type that is an appropriate exception to the general rule that appeals may only be taken after the entry of final judgment.

Certification of orders for interlocutory appeal is appropriate where (1) the issue involves a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution may materially advance the ultimate termination of the litigation; and (5) the motion requesting certification is timely. *See* 28 U.S.C. § 1292(b); Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief & Dev., 291 F.3d 1000, 1007 (7th Cir. 2002). All of the criteria must be satisfied as a prerequisite for interlocutory review. Ahrenholz v. Bd. of Tr. of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000). The party seeking review bears a heavy burden because only exceptional cases justify departure from the final judgment rule. City of Joliet v. Mid-City Nat. Bank, No. 05 C 6746, 2008 WL 4889038, at *1 (N.D. Ill. June 13, 2008) (citing Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cr. 1972)).

The question presented here meets the first three criteria. Whether the defendant referenced in § 3731(d) is the defendant in the criminal proceedings or the defendant in the civil action under the False Claims Act is a question of pure law appropriate for review. *See* Ahrenholz, 219 F.3d at 676-77. The question is also controlling in the sense that "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir. 1996). If the Seventh Circuit were to answer the question differently than this court, then extensive additional discovery would be necessary and the litigation would take a different course. Additionally, no Circuit Court of Appeals has addressed this question, and the only two district courts to do so directly have reached opposite answers. *Compare* Anchor

Mortgage, 503 F. Supp. 2d at 959-61, *with* United States v. Dolphin Mortgage. Corp., No. 06 C 499, 2009 WL 153190, at *1-3 (N.D. Ill. Jan. 22, 2009). This sort of open question satisfies the requirement that the question of law be contestable. *See* Mid-City Nat. Bank, 2008 WL 4889038, at *3 (citing In re Brand Name Prescription Drugs Antitrust Litigation, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995)).

However Anchor's petition falters on the fourth criteria. A qualifying order must materially advance the ultimate termination of the litigation, for example "where the district court rejects an argument that if accepted would terminate the proceeding." In re Jartran, Inc., 886 F.2d 859, 864 (7th Cir. 1989) (quoting In re Riggsby, 745 F.2d 1153, 1156 (7th Cir. 1984)). That is not the case here. Pursuant to our earlier order, the limitations issue remains undecided. If the Seventh Circuit disagrees with our interpretation of § 3731(d), the scope of the litigation will broaden. No matter the outcome on appeal, this litigation will not be concluded.

Anchor contends that appeal at this juncture is still appropriate because the limitations issue will require a trial before a final judgment can be issued and, if our June 6, 2007, holding is reversed, a second trial would be required on the issue of liability. In Anchor's view it is more efficient to ask the Seventh Circuit to interpret § 3731(d) now so that all the issues can be litigated in the same trial. But Anchor fails to distinguish this situation from any other case in which there have been disputed pre-trial rulings that, if reversed on appeal, would require a new trial. Accepting Anchor's logic, interlocutory appeal of such pre-trial disputes would be appropriate as a matter of course, and that is decidedly not the standard. *See* Wingerter v. Chester Quarry Co., 185 F.3d 657, 661-62 (7th Cir. 1998). Further, we remain hopeful that

the limitations issue can be resolved by motion–Anchor's or the government's–when discovery is complete. Once that issue is resolved, final judgment can be entered and the unsuccessful party may take an appeal in the normal course. That "Anchor has no interest in filing a motion for summary judgment" (Def.'s Reply Br. at ¶ 15), does not create the type of exceptional circumstance that makes our earlier order appropriate for interlocutory appeal.

Finally, the government argues that Anchor's motion is untimely because Anchor did not file it until 20 months after we entered the order in question. Anchor responds that it filed the motion promptly after the contestability of the order became clear in light of Judge Dow's decision in <u>Dolphin Mortgage</u>. We need not address these arguments because interlocutory appeal is appropriate only if all five criteria are met, *see* <u>Ahrenholz</u>, 219 F.3d at 676, and as we explain above, this case does not meet the fourth criteria.

For the foregoing reasons, we deny Anchor's request to certify our June 6, 2007, order for interlocutory review.

JAMES B. MORAN
Senior Judge, U.S. District Court

April 14, 2009